**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 16-31-DLB-CJS-3**

**UNITED STATES OF AMERICA**                                                                                         **PLAINTIFF**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**SHANNON DAVIDSON**                                                                                                **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court upon the Defendant's Motion for Compassionate Release (Doc. # 244). Mr. Davidson is currently incarcerated at the Federal Correctional Institute I in Oakdale, Louisiana.[1] He is 41 years old and has a projected release date of April 22. 2025. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last accessed on October 11, 2021). In his motion, Mr. Davidson argues that the Court should grant him a compassionate release because he suffers from bronchitis that purportedly places him at an increased risk of severe illness or death from COVID-19 if he were to contract the virus. He also argues that because his wife has passed away, his three minor children need him at home to care for them.

In its response, the Government concedes exhaustion but argues that Defendant's COVID-19 fears of infection do not warrant a sentence reduction as an "extraordinary or compelling circumstance" under the First Step Act. (Doc. # 246). And since the filing of the original motion, Defendant is now fully vaccinated against COVID-19. *See* Sealed

---

[1] Mr. Davidson was incarcerated at FCI Gilmer in Glenville, WV when he originally filed his motion.

1

Attachment showing he received his second dose of the Pfizer BioNTech vaccine on May 3, 2021.

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). That statute provides that the court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts generally apply a three-step test when analyzing motions for compassionate release. *See United States v. Jones,* 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id.* Second, the court must consider any applicable policy statements found in the United States Sentencing Guidelines. *Id*. at 1108. Third, the court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a). *Id.* There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf. *Id*. at 1108-09. Accordingly, when dealing with motions filed by inmates, district courts may skip step two of the three-step analysis. *Id*. at 1111. In one of its more recent published cases

discussing compassionate release motions, the Sixth Circuit stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.' *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). "Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion ... to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109.

Here, Defendant's claim about health potential complications from COVID-19 due to his history of bronchitis is not extraordinary and compelling. Defendant is fully vaccinated against the COVID-19 virus because he has received both Pfizer BioNTech vaccine shots. *See* attachment. The vaccines have been shown to be safe and effective in preventing disease, hospitalization and deaths. See *United States v. Cheatham*, No. 2:17-CR-20053-1, 2021 WL 1731712, at *2 (E.D. Mich. May 3, 2021) (Murphy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant is fully vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). In fact, many district courts within the Sixth Circuit have routinely refused to find that a fully vaccinated inmate has an extraordinary and compelling reason for release because of their fear of contracting COVID-19. *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases).

3

Moreover, there is nothing in the record to show that Mr. Davidson's conditions have not been adequately treated while he has been incarcerated. Put simply, Mr. Davidson's medical circumstances are insufficient, standing alone, to satisfy the first prong of the test.

Additionally, the BOP is taking precautionary and preventative measures to curtail and prevent COVID-19 outbreaks. Every BOP institution has successfully initiated vaccination campaigns to administer COVID-19 vaccines to its inmate population. More specifically, according to the BOP's official website, as of Monday, October 11, 2021, FCI Oakdale[2] had 1707 fully inoculated inmates out of 1925 total inmates, which equates to almost 88.7%. *See* https://bop.gov/coronavirus (last accessed on October 11, 2021). As a result of the BOP's vaccination efforts, the COVID-19 outlook in October, 2021 is much brighter now than when Mr. Davidson's motion was originally filed.

Finally, even if Davidson was able to satisfy the "extraordinary and compelling reason" prong, the Court concludes that compassionate release is not warranted when the Court considers the applicable § 3553(a) factors. Defendant was involved in a significant conspiracy to distribute more than 150 grams of actual methamphetamine and his current case was his sixth felony conviction. Defendant's prior convictions include burglary, drug offenses, and illegal possession of a firearm. Put simply, the sentencing factors in 18 U.S.C. § 3553(a) do not support his request for compassionate release. Releasing Mr. Davidson at this juncture would unduly depreciate the seriousness of his offense, and would therefore not adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. In the Court's view, to release a fully vaccinated Defendant now due to the COVID-19 pandemic would

---

[2] FCI Oakdale has two institutions, Oakdale I and Oakdale II. These figures are the collective numbers from both institutions.

create, not avoid, an unwarranted sentencing disparity, would diminish the seriousness of the crime and would not deter criminal activity.

One final matter deserves brief comment. The Court is not unsympathetic to Mr. Davidson's situation as a widowed father of three minor children. However, if the Court were to conclude his family circumstances warranted compassionate release here, the expanded statutory relief provided in the First Step Act would not longer become the extraordinary relief it was designed to allow for. Granting relief here would create, not avoid, an unwarranted sentencing disparity, something this Court will not do.

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

1. Defendant Davidson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. # 244) be, and is hereby **denied**; and

2. The attached vaccination record for Mr. Davidson shall be **filed under seal**.

This 11th day of October, 2021.



Signed By:
*David L. Bunning*
United States District Judge